UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

CRYE PRECISION LLC, and
LINEWEIGHT LLC,

**MEMORANDUM & ORDER**
15-cv-00221 (FB) (RER)

   Plaintiffs,

 -against-

BENNETTSVILE PRINTING,

   Defendant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
ROBERT ALLEN HOROWITZ
Greenberg Traurig LLP
MetLife Building
200 Park Avenue, 15th Floor
New York, New York 10166

*For the Defendant:*
CHRISTINA DOMINIC CARBONE
JONATHAN FRANK HOLLIS
Loeb & Loeb
345 Park Avenue
New York, New York10154

LAUREN BETH GRASSOTTI
Meyer Suozzi English & Klein PC
990 Stewart Avenue, Suite 300
Garden City, New York 11530

**BLOCK, Senior District Judge:**

  On June 17, 2016, Crye Precision LLC ("Crye") and Lineweight LLC ("Lineweight") (collectively, "plaintiffs") filed an amended complaint for a declaratory judgment and for injunctive relief against Bennettsville Printing ("Bennettsville" or "defendant"). After discovery, defendant filed a motion for summary judgment ("MSJ") in which two exhibits were included: letters written by the United States Army's

Contracting Command ("Army") in which Crye's prior intellectual property licensing agreements, including the one central to this action, were referenced and dissected. Pls.' Motion to Strike at 15–27. Plaintiffs now move pursuant to Federal Rule of Civil Procedure 56(c)(2) ("Rule 56") and Federal Rule of Evidence 403 ("Rule 403") to strike these exhibits as well as any references to these addenda in defendant's dispositive filings.

Two reasons, strengthened by one well-established tenet, compel denial of plaintiffs' request. First, these letters constitute an "official record" and represent the results of a formal inquiry by a governmental entity and are thus admissible pursuant to Federal Rule of Evidence 803(6) and may be properly considered without contravening Rule 56(c)(2). FED. R. EVID. 803(8) (exempting from the hearsay prohibition factual findings from a legally authorized investigation by a public entity where no circumstance "indicate[s] a lack of trustworthiness"); FED. R. CIV. P. 56(c)(2) (evidence submitted in support of a motion for summary judgment may be struck if inadmissible).Second, "while it is not unheard of to exclude evidence under Rule 403 at the summary judgment stage, . . . normally the balancing process contemplated by that rule is best undertaken at the trial itself," *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 428 (7th Cir. 2000), an approach that has been endorsed by several district courts within the Second Circuit, *see, e.g.*, *SEC v. McGinnis*, No. 5:14-cv-6, 2015 WL

5643186, at *15 n.12 (D. Vt. Sept. 23, 2015) ("[T]he reason for excluding evidence that is unfairly prejudicial (because it may inflame the jury) is simply not present at the summary judgment phase."); *Murray v. Miron*, No. 3:11 CV 629 (JGM), 2015 WL 4041340, at *9 (D. Conn. July 1, 2015) (noting that the "fact-intensive, context-specific inquiry" required by Rule 403 "must be made *at trial*" (emphasis added)). Both these conclusions are buttressed by the Second Circuit's repeatedly-cited "preference that litigation disputes be resolved on the merits." *Marfia v. T.C. Ziraat Bankasi*, 100 F.3d 243, 249 (2d Cir. 1996).

For the foregoing reasons, plaintiffs' motion to strike is **DENIED**.

**SO ORDERED**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 7, 2017