UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
CRYE PRECISION LLC and
LINEWEIGHT LLC,

                           **MEMORANDUM AND ORDER**
           Plaintiffs,         Case No. 15-CV-221 (FB) (RER)

   -against-

BENNETTSVILLE PRINTING,

           Defendant.
------------------------------------------------x

**BLOCK, Senior District Judge:**

Plaintiffs Crye Precision LLC and Lineweight LLC (together, "Crye" or "Plaintiffs") object to Magistrate Judge Reyes's August 13, 2019, Report and Recommendation ("R&R") recommending Bennettsville Printing ("Bennettsville" or "Defendant") be awarded attorney's fees in the total amount of $367,880.00. The R&R concluded Bennettsville was "entitled to recover reasonable attorneys' fees and costs pursuant to [a] 2012 Agreement," R&R at 9, but found it "impossible to accept that the amount of time reflected in Bennettsville's invoices constitutes a 'presumptively reasonable' amount," and so recommend "reducing Bennettsville's total requested hours by twenty-five percent." *Id.* at 12. Crye objects to both portions of the R&R, arguing that it was error for Magistrate Judge Reyes to award *any* fees under the 2012 Agreement. Upon *de novo* review of those portions of the

R&R, *see* 28 U.S.C. § 636(b), this Court overrules Crye's objections and adopts the R&R in full.

Section 14(c) of the 2012 Agreement controls for purposes of awarding attorneys' fees. Crye objects on the grounds that a 2014 Agreement supersedes the parties' 2012 contract and, alternatively, that the 2012 Agreement *cannot* govern the fee award because Crye "did not bring this action in connection with the 2012 Agreement." Both of Crye's arguments fail.

To begin, Crye's contention that it did not bring this action in connection with the 2012 Agreement is simply untrue. Crye's Amended Complaint included claims for (1) declaratory relief; (2) breach of the 2014 Agreement; (3) *breach of the 2012 Agreement*; (4) violations of the Lanham Act; and (5) common law unfair competition. *See* Am. Compl. ¶¶ 42, 66–77 (Third Claim). Crye has litigated its claim for breach of the 2012 Agreement since initiating this dispute, including throughout Bennettsville's motions to dismiss and for summary judgment, *see* Dkt. Nos. 23, 74.

Moreover, the 2012 Agreement provides that Section 14(c) governing attorney's fees "shall survive termination or expiration of this Agreement." Contrary to Crye's argument that the 2014 Agreement supersedes the parties' 2012 Agreement, nothing in the 2014 Agreement negates or contradicts the continued

2

viability of the 2012 provision. As explained by the R&R, this Court declines to read-in a "blanket extinguishment of prior contractual provisions absent definitive language to the contrary." R&R at 8. In sum, we find that the 2012 Agreement controls the award of attorneys' fees in this case.

Crye also objects to the R&R on the grounds that, even applying the 2012 Agreement to the fee award, Magistrate Judge Reyes erred in awarding Bennettsville *any* attorneys' fees because Bennettsville failed to "segregate[] the fees it incurred in defending Crye's claims under the 2012 Agreement from the fees it incurred in defending the rest of the case." Crye's position is that because Bennettsville only requests fees only under the 2012 Agreement, any fees related to litigating the claim for breach of the 2014 Agreement or to preparing the motion for fees itself may not be recovered.

Crye misreads the R&R: In actuality, Magistrate Judge Reyes agreed with Crye that Bennettsville's fee submissions were "problematic" and the "requested hours [were] unreasonable," ultimately recommending a 25% reduction to Bennettsville's requested hours. R&R at 12–13 & n.4. The R&R also recommended denying Bennettsville's request for costs entirely, finding that Bennettsville failed to substantiate its expenses in sufficient detail or verify their reasonableness. R&R at 14.

Bennettsville's fee submissions include time entries for unrelated work as well as redacted entries that prevent this Court from determining whether the corresponding work is covered by the 2012 Agreement or not. Furthermore, Bennettsville failed to provide this Court with a final number of hours that its counsel spent litigating this dispute—though we concur with the R&R's calculation that Bennettsville's submissions reflect a total of 1,515 hours. *See* R&R at 12 n.4. Given the various infirmities in Bennettsville's submissions, we agree with the R&R that a 25% reduction to Bennettsville's hours is appropriate. "If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours." *Spalluto v. Trump Int'l Hotel & Tower*, No. 04 Civ. 7497 (RJS) (HBP), 2008 WL 4525372, at *6 (S.D.N.Y. Oct. 2, 2008).

Applying the 25% reduction leaves Bennettsville with a total of 1,136.3 compensable hours. *See Aiello v. Town of Brookhaven*, No. 94-CV-2622 (FB) (WDW), 2005 WL 1397202, at *2 (E.D.N.Y. June 13, 2005) ("Because 'it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application,' courts apply across-the-board percentage cuts.") (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).

4

This total reasonably accounts for the fees that Bennettsville's counsel incurred litigating in connection with the 2012 Agreement. As Bennettsville failed to provide adequate documentation to substantiate it's requested costs, we further concur with the denial of all requested costs in full. *United Health Programs of America, Inc.*, 350 F. Supp. 3d 199, 236 (E.D.N.Y. 2018) ("Failure to adequately document costs may result in the denial or reduction of those costs.").

Having reviewed the R&R *de novo*, Crye's objections are overruled and the R&R is adopted in full.

**SO ORDERED**.

/s/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 12, 2019